THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JAN 20 1971

IN RE CARROM TRADEMARK ) 
LITIGATION )     DOCKET NO. 61

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

The four actions in three districts now before the
Panel involve questions of trademark infringement, unfair
competition and antitrust violations in the manufacture and
sale of combination game boards, wooden boards on which a
variety of games may be played.  The central parties in these
actions are Affiliated Hospital Products, Inc., which manu-
factures and sells a game board under the trademarks "Carrom"
and "Carroms," and Merdel Game Manufacturing Co., which
produces a game board under the name of "Carom."  In 1967, an
action for trademark infringement by Affiliated against Merdel
was settled by an agreement between the parties concerning their
respective uses of their trademarks and names.  Two years later,
Affiliated sued Merdel and its local representative in the

_____

* Judge Weigel was unable to attend the hearing in this matter
but with the consent of the parties he has participated in this
decision.

- 2 -

Southern District of New York, alleging breach of the settle-
ment agreement, trademark and copyright infringement and
unfair competition.  Affiliated also brought two actions in
the Southern District of Texas, one against Montgomery Ward,
Merdel's major customer, and the second against Merdel,
Montgomery Ward and Coleco Industries, Inc., a new entrant in
the game board field.  The first action alleged trademark
infringement and "palming off" of others' products as Affiliated's
and the second alleged that the three defendants had conspired
to destroy Affiliated's trademark in violation of the antitrust
laws.  Merdel then filed a fourth suit in the Western District
of Michigan, alleging that Affiliated and its parent, United
Industrial Corp., had conspired to create a monopoly for
Affiliated in the national game board market.

Merdel has requested the Panel to transfer all other
actions to the Western District of Michigan for coordinated
or consolidated pretrial proceedings with its case pending
there.  Affiliated and its parent, United Industrial, oppose
this motion but suggest in the alternative that the Southern
District of New York would be a more convenient transferee
forum, should transfer be ordered.  Coleco, Montgomery Ward
and the other parties have agreed to transfer to Michigan,
although Coleco has stated its preference for New York as a
more convenient forum.

With the possible exception of the antitrust claims, it is clear that a common core of fact questions exists in all four actions concerning the validity of Affiliated's trademark, Merdel's alleged infringement of that trademark and the effect of the 1967 settlement agreement.  These questions are admittedly not so complex as the fact questions in the IBM antitrust litigation, *In re IBM Antitrust Litigation*, 302 F. Supp. 796 (JPML 1969), but we conclude that they are sufficiently complex, considering the common parties to the litigation, to merit coordinated or consolidated pretrial proceedings under section 1407.  *In re CBS Licensing Antitrust Litigation*, ___ F. Supp. ____ (JPML, January 20, 1971)  The advantages of coordinated or consolidated pretrial proceedings, however, can best be obtained by transfer of all actions to the Southern District of New York, rather than to Michigan. Judge Harold R. Tyler, Jr., to whom the New York case has been assigned, has become acquainted with the factual background of these cases and discovery is well advanced in the action before him.  Affiliated maintains that it has completed its discovery there, at least some of which is relevant to the common questions, and Merdel is well into its discovery.  And the advantages of transfer can be gained with little inconvenience to the parties since Affiliated, Merdel and Merdel's New York representative are already engaged in litigation there, and

- 4 -

United Industrial and Coleco are located either in or adjacent to the Southern District of New York.[1]/

Affiliated argues that the antitrust counts in these actions involve no questions of fact in common with the other actions or with each other.  Merdel and Coleco dispute this, asserting that the antitrust claims also rest on common fact questions concerning the trademarks.  We think these antitrust claims should at least initially be transferred to the Southern District of New York with the rest of this litigation.  This transfer is without prejudice to the privilege of a party or the transferee judge to later move or suggest that the antitrust claims be separated and remanded to the court of origin prior to completion of pretrial proceedings.[2]/

We conclude that these four actions contain common questions of fact and that coordinated or consolidated pre-trial proceedings in these actions would be for the convenience of the parties and witnesses and would advance the just and efficient conduct of the litigation.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A pending in districts other than the

---

1/  By contrast, there seems to be little reason for transfer to Michigan.  The presence of Affiliated's plant and Merdel's offices and plant  there is not a convincing reason for transfer. And the filing of the settlement agreement in Michigan is of little relevance for the Michigan court possesses no special expertise in the construction of that agreement.
2/  Section 1407(a) provides, in pertinent part:

> . . . That the Panel may separate any claim, cross-claim, counter-claim or third-party claim and remand any of such claims before the remainder of the action is remanded.

- 5 -

Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the written consent of that Court, assigned to the Honorable Harold R. Tyler, Jr., for coordinated or consolidated pretrial proceedings.

DOCKET NO. 61                                          SCHEDULE A

### WESTERN DISTRICT OF MICHIGAN

Merdel Game Manufacturing Co. v.                      Civil Action
  Affiliated Hospital Products, Inc., et al.      No. 6405

### SOUTHERN DISTRICT OF TEXAS

Affiliated Hospital Products, Inc. v.                 Civil Action
  Montgomery Ward & Co., et al.                     No. 70-H-976

Affiliated Hospital Products, Inc. v.                 Civil Action
  Montgomery Ward & Co.                             No. 69-H-1186

### SOUTHERN DISTRICT OF NEW YORK

Affiliated Hospital Products, Inc. v.                 Civil Action
  Merdel Game Manufacturing Co., et al.            No. 69-C-1016